**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

Cheval Golf Club, LLC d/b/a             Case No. 8:14-bk-01346
Cheval Golf & Country Club,             Chapter 11

       Debtor          /

**DEBTOR'S CHAPTER 11 CASE MANAGEMENT SUMMARY**

**Cheval Golf Club, LLC d/b/a Cheval Golf & Country Club**, a Florida corporation, as debtor and debtor-in-possession ("Cheval") or ("Debtor"), pursuant to Administrative Order FLMB−2009−1, hereby files its Chapter 11 Case Management Summary (the "Summary"), and states:

**INTRODUCTION**

On (petition date) the Debtor filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

**I.   DESCRIPTION OF DEBTOR'S BUSINESS**

Cheval Golf Club, LLC d/b/a Cheval Golf & Country Club, a Florida Limited Liability Company founded in 2008, owns and operates a meticulously maintained 18 hole par 72 golf course, with a large practice facility, clubhouse with fine dining, pro shop and tennis courts.

**II.  LOCATION(S) OF DEBTOR'S OPERATIONS AND WHETHER LEASED OR OWNED**

Cheval is located at 4312 Cheval Blvd. Lutz, FL 33558. The property at this location is owned by the Debtor.

**III. REASON FOR FILING CHAPTER 11**

Cheval Golf Club, LLC purchased the golf course from Black Horse Ventures LP ("***Black Horse***") in April 2008 for $3,775,000.00. At the time of the purchase, the Debtor believes that Metro Funding Corp purportedly held a valid mortgage and an unpaid note with an original principal balance of approximately $3,400,000.00. In connection with the purchase, Black Horse was obligated to satisfy the outstanding mortgage with the payments received from

the Debtor. Black Horse did not do so. The Debtor has been unable to recover any funds from Black Horse and its affiliates.

At the time the golf course was purchased by the Debtor, the clubhouse and the athletic facility were in desperate need of remodeling. The remodeling occurred from 2009 to 2011. To finance the remodeling and renovations, the Debtor borrowed funds from equity owners and Florida Construction Services, Inc. (an affiliate of the Debtor's owners) advanced substantial construction and remodeling services to the Debtor on a discounted basis. Mike Sheeks and Florida Construction Services provided the funds for a $500,000 renovation to the golf course and more than $1.2 million to entirely remodel the clubhouse. The Debtor entered into substantial financing via lease to own agreements for golf carts and kitchen equipment.

At that same time, the economic downturn began in full force. Membership dropped 30% in 2009 and another 15% in 2010. Because of the loss of membership and the high interest equipment financing, the Debtor has incurred substantial late fees and loss of productivity in negotiating with lenders.

The Debtor's property is currently in foreclosure proceedings commenced by the alleged assignee or transferee of the original Metro Funding note and mortgage, MFC Real Estate, LLC ("***MFC Real Estate***"). Last year the Debtor entered into a forbearance agreement with MFC Real Estate, LLC. The Debtor and MFC Real Estate spent the majority of the year negotiating for the purchase of the note and mortgage by the Debtor. In fact, the Debtor believes that MFC Real Estate agreed to terms for such a sale. Last week the Debtor received notice that ACE Cheval, Inc. has been substituted as Plaintiff for MFC Real Estate in the foreclosure case.

The Debtor is simultaneously herewith filing an emergency motion for use of cash collateral and is proposing to pay monthly adequate protection to the secured lender, ACE Cheval, Inc. (or its assigns) in the amount of 5% of the estimated fair market value of the property of $1,100,000, or $4,583.33 per month. The Debtor will also make monthly installment payments to the county tax collector and property insurer during the Bankruptcy Case, will make the golf course and clubhouse available for reasonable inspection and will agree to other reasonable and customary matters to ensure the lender remains adequately protected during this reorganization.

## IV. LIST OF OFFICERS, DIRECTORS, INSIDERS AND THEIR SALARIES AND BENEFITS AT TIME OF FILING AND DURING ONE YEAR PRIOR TO FILING

1. Time of Filing:

| **Name** | **Title** | **Salary** |
|---|---|---|
| MISCU Land Trust, LLC | Managing Member | $ 0.00 |
| Sophie Sheeks | Member | $0.00 |
| Suzanna Sheeks | Insider | 720.00 gross bi-weekly |

2. One year prior

| **Name** | **Title** | **Salary** |
|---|---|---|
| MISCU Land Trust, LLC | Managing Member | $ 0.00 |
| Sophie Sheeks | Member | $0.00 |
| Suzanna Sheeks | Insider | 720.00 gross bi-weekly |

## V. DEBTOR'S ANNUAL GROSS REVENUE

| 2011: | approximately $1,570,042.00 |
|---|---|
| 2012: | approximately $1,489,325.00 |
| 2013: | approximately $1,656,713.00 |

## VI. AMOUNTS OWED TO VARIOUS CLASSES OF CREDITORS

The Debtor may owe approximately the following amounts to the following classes of creditors with the scheduled number of such creditors in parenthesis, certain amounts of which may be subject to dispute:

| Priority Unsecured Creditors (including taxes) (2): | $329,382 |
|---|---|
| Secured Creditors (10-15): | $2,837,039 |
| Unsecured Creditors (120): | $1,852,609 |

## VII. GENERAL DESCRIPTION AND APPROXIMATE VALUE OF DEBTOR'S CURRENT AND FIXED ASSETS

As of the date of its petition, Debtor had the following assets in the approximate values indicated below, all at non-depreciated book value wherever applicable:

| Cash and Checking | $ 1,422.92 |
|---|---|
| Security Deposits | $ 20,945.00 |
| Accounts Receivable | $ 29,179.84 |
| Food and Beverage Inventory | $15,267 |
| Office Equipment and Furniture | $ 117,934.89 |
| Golf Course Equipment | $ 384,287.00 |
| Real Property | $1,100,000.00 |

VIII. **NUMBER OF EMPLOYEES AND AMOUNT OF WAGES OWED AS OF PETITION DATE**

The Debtor currently has 44 employees. As of the Petition Date, the Debtor's accrued payroll obligations are approximately $0.00.

IX. **STATUS OF DEBTOR'S PAYROLL AND SALES TAX OBLIGATIONS**

The Debtor owes approximately $304,112.80 for its payroll tax obligations.

As of the Petition Date, the Debtor owed approximately 18,379.92 in sales taxes.

X. **ANTICIPATED EMERGENCY RELIEF WITHIN 14 DAYS OF PETITION DATE**

1. Motion for Order Authorizing the Use of Cash Collateral of ACE Cheval, Inc.
2. Motion for Authority to Pay Affiliate Compensation
3. Motion for Order Establishing Adequate Assurance for Payment of Utilities

XI. **CHAPTER 11 STRATEGIC OBJECTIVES**

The Debtor will file a plan in good faith after first having obtained a letter of intent and verification of funds from an investor interested in participating in the reorganization with current management. The Debtor believes that it can successfully reorganize by restructuring the golf course loan, the golf cart and kitchen equipment financing agreements, all via cramdown if necessary or through consensual negotiations, strengthening its capitalization with outside equity financing to reduce unnecessary overhead such as late fees and bad debt write-offs, assuming the athletic club lease, delivering a first class golf and athletic club experience to its current members and increasing membership.

Foreclosure of the property would likely leave more than 100 creditors with no recovery. The Debtor's golf memberships and revenue are now stabilized and poised for growth. The economy seems to have stabilized and home prices in the community have rebounded, enabling more individuals the luxury of golf and athletic club memberships. The Debtor has entered into a lease and shared management agreement to add revenue by building athletic club memberships and receiving a fixed lease revenue stream from the tenant/co-manager. The Debtor's recent cash flow indicates that a successful reorganization may be achieved.

**WHEREFORE**, Debtor respectfully submits this Case Management Summary.

Respectfully submitted,

/s/ James W. Elliott

James W. Elliott
Florida Bar No. 040961
chris@mcintyrefirm.com
McIntyre, Panzarella, Thanasides,
  Bringgold & Todd, P.A.
6943 East Fowler Avenue,
Temple Terrace, Florida 33617
(813) 899-6059
(813) 899-6069 (Facsimile)
*Attorneys for the Debtor*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 6th day of February, 2014 the foregoing Case Management Summary was furnished via CM/ECF and/or US Mail to all parties in interest listed on the attached mailing matrix.

*/s/James W. Elliott*
        Attorney